JUSTICE GARCIA, dissenting: On the issue of “unnecessary delay,” our supreme court has spoken: “ ‘[Unnecessary delay’ is to be measured not from the time when police officers learn the suspect’s location but from the time they obtain probable cause to arrest.” (Emphasis added.) People v. White, 117 Ill. 2d 194, 218, 512 N.E.2d 677 (1987). I have not found a single case where passage of time between the crime and the development of probable cause has been considered in deciding whether exigent circumstances are present to justify a warrantless arrest. The absence of such case law is, of course, understandable given that the reasonableness of the officers’ conduct is at issue. See Abney, 81 Ill. 2d 159, 173, 407 N.E.2d 543 (1980) (“The guiding principle is reasonableness under constitutional provisions governing searches and seizures”). In the absence of probable cause to arrest, the officers could not have taken any action either to apprehend the suspect or to seek a warrant. Cf. White, 117 Ill. 2d 194, 512 N.E.2d 677. Accordingly, I am compelled to conclude that the mere passage of time between the crime and the development of probable cause cannot be considered “deliberate or unjustified delay by the officers during which time a warrant could have been obtained.” Abney, 81 Ill. 2d at 170. In White, our supreme court based its finding that the defendant’s warrantless arrest on August 23 was not justified by exigent circumstances because the record, while not precise, showed “the police seemfed] to have received probable cause in the form of statements by eyewitnesses shortly after the killings on August 12.” White, 117 Ill. 2d at 219. The supreme court noted that under more alarming facts, a contrary decision might be warranted. “The considerations in favor of a finding of exigency are those related to the gravity of the crime, the possibility that the defendant was armed, and the further possibility that he might attempt to escape. In the proper case, we might well find these considerations decisive.” White, 117 Ill. 2d at 219. Certainly this case amply demonstrates the gravity of the crimes that the defendant had committed; that the officers reasonably believed that the defendant was armed cannot be gainsaid; and that he might attempt to escape apprehension seems beyond contention. These considerations are decisive in this case in favor of a finding of exigency. I would think the majority would have found exigent circumstances to justify the defendant’s arrest at his home had the identification of the defendant occurred within IV2 hours of the murder. Yet, the majority offers no reason to conclude that the officers were any less reasonable in seeking to apprehend the defendant immediately upon developing clear probable cause when the crimes the defendant had committed were no less grave (they were still murder and robbery) within the hour and a half of developing probable cause; the record is barren of any basis to conclude the defendant was not still armed (in fact, he was doubly armed with the handgun he used in committing the murder and a rifle with a high capacity magazine) during that hour and a half; and, had the defendant been tipped to the eyewitness having been to the police station to view a photo display, he undoubtedly would have sought to escape (this inference is warranted based on his reaction at the time of his arrest — he reached in the direction of the handgun). As the assistant State’s Attorney argued in the pretrial hearing, the arresting officers knew the defendant could be armed, knew the weapon used in the murder had not been recovered, and knew that the victim had been shot numerous times during the course of the robbery. The officers were also aware that the defendant knew of the existence of an eyewitness as he and his accomplice attempted to force her into the victim’s car. “The desirability of apprehending such an individual is obvious, and an officer’s reaction should not be unduly criticized unless we are to encourage unreliable, time-consuming speculation as to whether more violence will occur while a warrant is sought.” Abney, 81 Ill. 2d at 171. The supreme court’s conclusion in Abney is equally apt here: “[T]he officers who entered defendant’s home were presented an unusual opportunity to quickly apprehend an armed suspect'and thereby prevent his escape, avoid exhaustion of law-enforcement resources, and help ensure against further endangerment to the community.”[2] Abney, 81 Ill. 2d at 169. With this case, the majority has imposed a standard upon the police that is too high when balanced against the threat posed by a defendant remaining at large while a warrant is being sought. Officers must be free to act upon the gravity of the crime, the dangerousness of the individual, and the corresponding need to apprehend the suspect quickly so long as they act reasonably under the circumstances present (which includes acting nearly immediately upon having probable cause to arrest). Given that the defendant was arrested within an hour and a half of developing probable cause, the officers could reasonably believe that an immediate arrest of the defendant was warranted under the circumstances. The officers’ conduct was reasonable as “they did not contemplate their course of conduct for an extended period of time.” Abney, 81 Ill. 2d at 171. Here, as in People v. Yates, 98 Ill. 2d 502, 517, 456 N.E.2d 1369 (1983), “the trial court correctly found no constitutional infirmity in defendant’s warrantless arrest.” Accordingly, I respectfully dissent. In this vein it bears noting, although unbeknownst to the officers at the time of their arrest of the defendant, the defendant had preyed on the same community in the previous year by committing like violent crimes. The record establishes that both the charged murder in this case and the prior year’s crimes occurred within a four-block radius of his home.